IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VERONICA PERKINS                                                                   PLAINTIFF

v.                         No. 4:07-cv-01098-JMM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT,
JAMES SHARPE, IN HIS OFFICIAL CAPACITY AS
SUPERINTENDENT OF THE SCHOOL DISTRICT, and
GWEN WILLIAMS, WILLIAM VASQUEZ, CHARLIE WOOD,
MILDRED TATUM, SHANA CHAPLIN, PAM ROBERTS AND
DANNY GILILLAND, PULASKI COUNTY SPECIAL SCHOOL
DISTRICT SCHOOL BOARD MEMBERS                 DEFENDANTS

## CONSENT PROTECTIVE ORDER

This lawsuit is presently in the discovery process, and it appears that such discovery may involve review of sensitive information contained in the files of the Pulaski County Special School District with respect to the employment of administrators. Such information may include sensitive documents which contain information specific to individual candidates seeking the positions and persons employed by the Defendant. Accordingly, good cause having been shown within the meaning of the applicable laws and procedural rules, and it appearing that the parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

      1.      All documents produced and information furnished by Defendant in the categories set forth above which are designated as "confidential" shall be treated as such by all parties to this litigation. Such confidential documents, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose. The confidential designation status shall specifically survive this litigation.

      2.      Documents and information designated confidential may be used only in connection with this case and may not be disclosed to persons not parties to this lawsuit.

3. If confidential documents are used during depositions, the deposition shall be treated as confidential in accordance with paragraph (1), *supra*.

4. Any document, information or deposition designated as confidential under this Order shall, when filed with the court, be clearly marked "confidential," sealed, placed in separate, secure, storage by the clerk, and opened only by authorized court personnel.

5. Documents and other material designated as confidential pursuant to the terms of this Order may be disclosed only to trial counsel and employees or professional assistants of trial counsel who have a bona fide need to review the information or contents of the documents to aid effectively in the preparation of a party's case. Disclosure to persons other than trial counsel or employees or professional assistants of trial counsel shall be conditioned upon (a) the written agreement of the producer or provider of the confidential information, or (b) an order of the court directing disclosure; any such disclosure shall be further conditioned upon execution of a statement of confidentiality identical to Exhibit "A" attached hereto.

6. Upon dissemination of any of the information furnished by Defendant to any other person, firm, or organization, Plaintiff shall maintain a list of the names, addresses, place of employment, and capacity of all persons to whom the information is disclosed until further order of the court.

7. Each person examining the subject documents and/or notes to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this court for contempt in any other appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

8. This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

9. Entry of this Order shall not preclude the Defendant from objecting to production of documents or information which it deems confidential.

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

IT IS SO ORDERED, this 9th day of June, 2008.

_____
HONORABLE JAMES M. MOODY

Consented to:

Rickey H. Hicks
415 Main Place
Little Rock, AR 72201
Phone: (501) 374-2574
Fax:    (501) 372-3164
E-mail: hickslawoffice@yahoo.com

By:    **/s/ Rickey H. Hicks**
       Rickey H. Hicks, Bar Number 89235

Attorneys for Plaintiff


BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
E-mail: jbequette@bbpalaw.com

By:    **/s/ Jay Bequette**
       Jay Bequette, Bar Number 87012

Attorneys for Defendant

# **EXHIBIT "A"**

      By signing this document, I hereby certify that I have read the Protective Order entered by the Court in *Veronica Perkins v. Pulaski County Special School District, et al.*, U.S. District Court, Eastern District of Arkansas, No. 4:07-cv-01098-JMM, on the _____ day of _____, 2008. I understand that Order and agree to abide by its contents by not disclosing confidential information to anyone, except as required by lawful judicial process.

                                    NAME:_____

                                    DATE:_____

STATE OF ARKANSAS    )
                               ) ss.
COUNTY OF                )

      SUBSCRIBED AND SWORN to before me this ____ day of _____, 2008.

                                    _____
                                    Notary Public

My commission expires:

_____